**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In re:

JAMES E. BAUMANN,

        Debtor.

Bankr. Case No. 6:14-bk-3297-ABB

JAMES E. BAUMANN,

        Appellant,

v.

Case No. 6:15-cv-02129-Orl-37

PNC BANK, N.A.; and
BANK OF AMERICA, N.A.,

        Appellees.

**ORDER**

This cause is before the Court on the following:

1. Brief for Appellant, James E. Baumann (Doc. 22), filed March 8, 2016;

2. Appellee, Bank of America, N.A.'s Answer Brief (Doc. 31), filed June 2, 2016;

3. Answer Brief of Appellee PNC Bank, N.A. (Doc. 32), filed June 3, 2016;

4. Reply Brief for Appellant, James. E. Baumann, to PNC Bank, N.A.'s Answer Brief (Doc. 35), filed July 5, 2016; and

5. Reply Brief for Appellant, James E. Baumann, to Bank of America, N.A's Answer Brief (Doc. 36), filed July 5, 2016.

James E. Baumann (**"Appellant"**), proceeding *pro se*, appeals U.S. Bankruptcy Judge Arthur B. Briskman's (1) "Amended Order Confirming Chapter 13 Plan" (Doc. 5-2),

and (2) "Order Denying [Appellant]'s Motion for Reconsideration of Amended Order Confirming [Appellant's] Chapter 13 Plan," (Doc. 5-3). Upon consideration of the parties' briefs (*see* Docs. 22, 31–32, 35–36), the Court finds that the orders of the Bankruptcy Court are due to be affirmed for the reasons set forth below.

## BACKGROUND

On March 24, 2014, Appellant filed a voluntary petition under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. § 1301 (**"Bankruptcy Case"**). (*See* Doc. 5-1, p.1.) Plaintiff filed his initial Chapter 13 Plan on April 7, 2014, but amended it on April 21, 2014 (**"First Amended Plan"**). (*See* Doc. 5-1, p. 2.) In response, PNC Bank, N.A. (**"PNC"**) and Bank of America, N.A. (**"BANA"**) (collectively, **"Appellees"**) appeared in the Bankruptcy Case and filed their respective proofs of secured claims on Appellant's real property (**"Claims"**). (Doc. 31, p. 8; Doc. 32, p. 8). Appellant promptly objected to both Claims. (*See* Docs. 5-9, 5-10). The Bankruptcy Court sustained Appellant's objections without prejudice to allow Appellees to amend their Claims. (Docs. 5-11, 5-12.) Appellees filed amended proofs of claims, to which Appellant again objected. (Docs. 5-13, 5-17.)

On September 10, 2014, the Bankruptcy Court held a confirmation hearing on Appellant's First Amended Plan and ultimately dismissed the Bankruptcy Case. (Doc. 5-1, p. 7.) The Bankruptcy Court memorialized its ruling in an Order, stating in pertinent part, that Appellant had "failed to file a feasible Chapter 13 Plan which provided for the payment of all secured and/or priority debts as required." (Doc. 5-15 (the **"Dismissal Order"**)

On September 25, 2014, Appellant moved for reconsideration of the Dismissal

2

Order (Doc. 5-16), and the Bankruptcy Court scheduled the matter for an October 22, 2014 hearing, (Doc. 5-1, p. 8.) After the hearing, in a series of three written orders, the Bankruptcy Court: (1) granted Appellant's motion for reconsideration and reinstated the Bankruptcy Case; (2) ordered that an automatic stay was in full force and effect pursuant to 11 U.S.C. § 362; and (3) granted two *ore tenus* motions for relief from the stay in favor of Appellees. (Doc. 5-19–5-21 (the **"October 2014 Orders"**).) On November 10, 2014, Appellant took appeal from the October 2014 Orders. (Doc. 5-22.)[1]

During the pendency of his appeal, Appellant filed a second amended Chapter 13 Plan. (Doc. 5-29 ("**Second Amended Plan**").) The Bankruptcy Court held a hearing on May 27, 2015, and confirmed Appellant's Second Amended Plan ("**Confirmation Hearing**). (Doc. 5-28). After determining that Appellant's Second Amended Plan "complie[d] with section 1325 and other applicable sections of the Bankruptcy Code," the Bankruptcy Court issued an written order memorializing its ruling and outlining the terms and conditions of the confirmed plan. (*See* Doc. 5-29 (**"Confirmation Order"**).) Appellant moved for reconsideration of the Confirmation Order on June 8, 2016, asserting, *inter alia*, that Appellant had reached a settlement with BANA and PNC on their respective claims, and that the Confirmation Order did not reflect the terms of the Second Amended Plan as submitted to the Bankruptcy Court and confirmed on May 27, 2015. (Doc. 5-30 (**"Motion for Reconsideration on Confirmation"**). Subsequently, BANA withdrew its proof of claim with respect to Appellant's real property, stating that "the subject debt was forgiven pursuant to the National Mortgage Settlement Extinguishment

---

[1] On August 21, 2015, this Court issued an order affirming the Bankruptcy Court's Orders. *See In re Baumann*, 6:15-cv-00027-RBD, Doc. 18 (M.D. Fla. Aug. 21, 2015).

3

Program." (Doc. 32.)

On August 19, 2015, the Bankruptcy Court held a hearing and granted Appellant's Motion for Reconsideration on Confirmation. (Doc. 5-33 (**"First Reconsideration Hearing"**).) The Bankruptcy Court then issued an amended confirmation order, which displays changes to "Exhibit A" of the Confirmation Order. (Doc. 2 (**"Amended Confirmation Order"**).) For instance, the Bankruptcy Court previously allowed BANA's claim for $99,298.30 (*see* Doc. 5-29, Ex. A); however, in light of BANA's withdrawal, the Bankruptcy Court removed the claim (*see* Doc. 2, Ex. A).

On September 2, 2015, Appellant again moved for reconsideration of the Bankruptcy Court's Amended Confirmation Order, asserting, *inter alia*: (1) that the order still did not reflect the terms of the Second Amended Plan as submitted to the Bankruptcy Court and confirmed on May 27, 2015; and (2) that the Amended Confirmation Order conflicted with Appellant's intent. (Doc. 5-34. (**"Second Motion for Reconsideration on Confirmation"**).) The Bankruptcy Court held a hearing on October 22, 2015, (Doc. 19-1 (**"Second Reconsideration Hearing"**), and subsequently denied Appellant's motion, (Doc. 5-3 ("**Reconsideration Order**")).

## STANDARDS

The Court has jurisdiction over this appeal from orders of the Bankruptcy Court pursuant to 28 U.S.C. § 158. The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions de novo. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009). The Court reviews the Bankruptcy Court's denial of a motion for reconsideration for abuse of discretion. *Hounsom v. United States*, 325 B.R. 319, 323 (M.D. Fla. 2005) (citation omitted).

**DISCUSSION**

Appellant appeals the Bankruptcy Court's Amended Confirmation Order (Doc. 5-2) and it's Reconsideration Order (Doc. 5-3). From what the Court can decipher, Appellant contends that the Bankruptcy Court erred by: (1) "exceed[ing] its jurisdiction and forcing [Appellant] to include terms and conditions" that were not reflected in the Second Amended Plan; and (2) denying Appellant's Second Motion for Reconsideration on Confirmation. (*See* Doc. 22, pp. 5–9.) Therefore, Appellant requests that the Court reverse the Bankruptcy Court's Amended Confirmation Order and its Reconsideration Order and find that his Second Amended Plan, as written, meets the requirements of 11 U.S.C. § 1129.

**I.     Amended Confirmation Order**

Appellant first argues that the Bankruptcy Court exceeded its jurisdiction when it added terms and conditions not included in his Second Amended Plan. (Doc. 22, pp. 12–13.) The crux of Appellant's argument is that, "at the [C]onfirmation [H]earing, the Bankruptcy Court confirmed the [Second Amended] [P]lan without modifications." (Doc. 22, p. 11.) According to Appellant, "[t]he Trustee[,] however, perhaps out of habit, chose to use the boiler-plate order that [did] not reflect [Appellant]'s plan and made egregious errors by inserting terms and conditions that contradict [Appellant]'s plan." (*Id.*) Thus, Appellant argues that the Court must reverse the Bankruptcy Court's Amended Confirmation Order. (*Id.*)

In response, BANA asserts that Amended Confirmation Order "appears to treat BANA's Proof of Claim 2-2 differently within the Order and is at odds with the Appellant's Amended . . . Plan." (Doc. 31, p. 12.) However, because BANA was not present at the

Confirmation Hearing, it is unable to elucidate the reasoning behind the terms included in the Amended Confirmation Order. (*Id.*, p. 13–14.) Consequently, BANA does not object to the Court remanding the matter back to the bankruptcy court for further consideration. (*Id.*) PNC, on the other hand, argues that the Court should affirm the Amended Confirmation Order on grounds that: (1) the Appellant's failure to provide this Court with a transcript from the confirmation hearing requires that the Amended Confirmation Order be affirmed; (2) the Confirmation Order reflects the spirit of the Second Amended Plan as consensually modified; and (3) the Order submitted by the Trustee was in compliance with the proper modified terms and the model form order developed and utilized in the U.S. Bankruptcy Courts for the Middle District of Florida. (Doc. 31, pp. 12–23.) The Court agrees with PNC's first argument.

Bankruptcy Rule of Federal Procedure 8009(b) requires an appellant to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(1)(A). In addition, the appellant must "order in writing from the reporter, as defined in Rule 8010(a)(1), a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk." Fed. R. Bankr. P. 8009(b)(1(A). Similarly, Rule 10(b)(2) of the Federal Rules of Appellate Procedure provides that "[i]f [an] appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion." Fed. R. Civ. P. 10(b)(2).

Here, Appellant seeks reversal of the Amended Confirmation Order on grounds

that the Bankruptcy Court purportedly confirmed his Second Amended Plan during the Confirmation Hearing, "without modifications," but later issued the Amended Confirmation Order with modifications. (Doc. 22, p. 11). Notably, however, the Amended Confirmation Order indicates that the Bankruptcy Court confirmed the Second Amended Plan "*as modified at the hearing*" that took place on May 27, 2015. (*See* Doc. 2 (emphasis added).) Therefore, to determine whether the Bankruptcy Court confirmed the Second Amended Plan without modifications during the Confirmation Hearing, and later unilaterally modified the terms of the Second Amended Plan, the Court would need to review the transcript of that hearing.

Appellant contends that he provided a transcript of the Confirmation Hearing;[2] however, the transcript does not appear in the record. In fact, Appellant did not designate the applicable hearing transcript to be included in the record on appeal (*see* Doc. 5-6), nor did he submit the transcript himself. Without the transcript, the Court is unable to determine whether the Bankruptcy Court unilaterally modified the terms of Appellant's Second Amended Plan, and if so, whether such terms conflicted with Appellant's intent under the Second Amended Plan.

Appellant's failure to designate and submit the transcript from the Confirmation Hearing leaves the Court with no alternative but to affirm the Bankruptcy Court's Amended Confirmation Order. *See In re Owens,* 517 F. App'x 896, 897 (11th Cir. 2013) (upholding the district court's affirmance of the bankruptcy court's order because the appellant failed to file the transcript of a pertinent hearing); *see also*

---

[2] Appellant contends that he filed a transcript of the Confirmation Hearing, and cites Doc. 19 in support of his contention. However, this document is merely a transcript of the Reconsideration Hearing. (*See* Doc.19-1.)

*Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that *pro se* appellants must provide trial transcripts in the appellate record to enable an appellate court to review challenges to a lower-court's decision).

## II.     The Reconsideration Order

Lastly, Appellant contends that the Bankruptcy Court erred when it denied his Second Motion for Reconsideration on Confirmation. (Doc. 22, pp. 12 – 15.) In particular, Appellant argues that the Bankruptcy Court should have granted his motion and excluded the terms and conditions that he contends were improperly inserted in the Amended Confirmation Order. (Doc. 22, p. 11.) In response, BANA asserts that it did not participate in Second Reconsideration Hearing, and therefore, cannot address the accuracy of the Reconsideration Order. (Doc. 31, pp. 14–15.) PNC, however, argues that that the Bankruptcy Court correctly denied the Appellant's Second Motion for Reconsideration on Confirmation because Appellant failed to satisfy the requirements for reconsideration.

"The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F.Supp.2d 1366, 1369 (S.D. Fla. 2002*)* (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)). Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citation omitted).

On October 22, 2015, Bankruptcy Court conducted the Second Reconsideration Hearing, and provided Appellant with an opportunity to be heard as to the relief he was seeking in his Second Motion for Reconsideration on Confirmation. (Doc. 19-1, pp. 3–4.)

In response, Appellant informed the Bankruptcy Court that he sought to remove several items from the Amended Confirmation Order. (Doc. 19-1, pp. 3–4.) The Bankruptcy Court concluded Appellant was attempting to relitigate matters already raised and resolved by the Amended Confirmation Order and, therefore, denied Appellant's Second Motion for Reconsideration on Confirmation. (Doc.19, p. 4, lines 20-21).

Upon review of the transcript from the Reconsideration Hearing, the Court finds that Appellant presented no evidence of an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Instead, Appellant merely sought to relitigate matters previously resolved by the Bankruptcy Court, in direct contravention of well-established law. *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir.2010) (per curiam) (explaining that a motion for reconsideration may not be used merely to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment"). Accordingly, the Court finds that the Bankruptcy Court did not abuse its discretion by denying Appellant's Second Motion for Reconsideration on Confirmation and that the Reconsideration Order is due to be affirmed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The Bankruptcy Court's orders (Docs. 5-2 and 5-3) are **AFFIRMED**.
2. This appeal is **DISMISSED**.
3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 11, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record